BLD-061                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4127
_____

In re:  JEFFREY ALONZO SIMMS,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-11-cv-01010)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 8, 2011

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: December 23, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Petitioner Jeffrey Alonzo Simms, proceeding pro se, seeks a writ of mandamus

compelling the District Court to rule on his petition for a writ of habeas corpus.  For the

reasons that follow, we will deny the petition.

Simms filed his petition pursuant to 28 U.S.C. § 2254 in the District Court on

October 21, 2011.  On October 25, 2011, Simms requested that the District Court provide

him with copies of "criminal case: motion to get good day credits on 7-8-2006" and "hearing in case 11:5132 U.S. Supreme Court." The District Court responded the next day by letter, noting that his requests for copies appeared to be for closed cases, and informing him of the fee for copies. On November 16, 2011, Simms filed a petition for a writ of mandamus. In it, he appears to make substantive arguments from his § 2254 petition and asks this court to "order the institution to provide adequate records," including "criminal and medical documents."

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005); the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Less than two months have passed since Simms filed his § 2254 petition; thus, there has been no appreciable delay in the District Court. See Madden, 102 F.3d at 79 (an appellate court "may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction"). We are confident that the District Court will enter an order in due course. As to his claims for documents, his requests are nearly unintelligible. It is impossible for us to tell what documents from which cases, closed or otherwise, he is seeking. In any event, he has not demonstrated a clear and indisputable right to the copies. The District Court informed him that he may request and pay for such copies in the future. Accordingly, the petition is denied.

2